**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 31, 2012

No. 11-40033

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID ALAN VOGEL,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:08-CR-224

Before JONES, Chief Judge, HIGGINBOTHAM and SMITH, Circuit Judges.
JERRY E. SMITH, Circuit Judge:[*]

David Vogel was the owner and operator of the Madison Pain Clinic
("MPC"), an Internet-based business headquartered in Dallas. MPC marketed
itself as a pain management clinic to sufferers of chronic pain, and its physicians

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40033

most often treated their patients by prescribing a specially-compounded form of hydrocodone, a potentially addictive painkiller generally classified as a Schedule III narcotic under the Controlled Substances Act ("CSA").  From 2000 to 2007, MPC reported about $26 million in revenue, $8 million of which went to Vogel.

After reports and complaints, the Drug Enforcement Administration initiated an investigation that culminated in a raid of MPC's Dallas office in November 2007.  Vogel was charged with conspiracy to manufacture, distribute, or dispense a controlled substance in violation of 21 U.S.C. § 846, conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and engaging in a monetary transaction in property derived from a specified unlawful activity in violation of 18 U.S.C. § 1957.

There was an eight-day trial that revolved around two competing narratives.  The prosecution claimed Vogel knew MPC was breaking the law by issuing prescriptions outside the usual course of professional practice and without a legitimate medical purpose, but he was making too much money to care, using MPC to support his drug addiction and deliberately hiring doctors and employees who would not challenge him.  The defense insisted Vogel lacked the necessary *mens rea* to be convicted, portraying him as a well-intentioned entrepreneur led astray by unclear regulations and bad advice from doctors and lawyers.

The jury returned a guilty verdict on all counts and a special verdict for a forfeiture of $4,376,471.39 in cash proceeds and a money judgment of $24,743,000, which constituted all of the property and proceeds the government alleged were traceable to MPC's drugs sales.  The district court sentenced Vogel to 60 months' imprisonment for violating the CSA, 240 months for money laundering, and 120 months for violating 18 U.S.C. § 1957, all to run concurrently. Vogel appeals his conviction and sentence on thirteen grounds.

Vogel contends the government failed to provide sufficient evidence to

No. 11-40033

prove beyond a reasonable doubt that he acted with the specific intent to violate the law when he conspired to manufacture, distribute, or dispense controlled substances outside the usual course of professional practice and not for a legitimate medical purpose. After a thorough review of the record, and especially in view of the "highly deferential" standard with which we review jury verdicts, *United States v. McNealy*, 625 F.3d 858, 870 (5th Cir. 2010), we conclude that the evidence was more than sufficient for the jury to find beyond a reasonable doubt that Vogel, through his operation of MPC, knowingly violated the CSA.

Vogel's other challenges to his conviction are similarly unavailing. We reject his various objections to the jury instructions, concluding that they adequately instructed the jury as to the elements of the crime, standards of proof, and possible defenses. The district court did not abuse its discretion in admitting certain evidence to which Vogel objected, and even if it was improperly admitted, any error was harmless and did not affect substantial rights.

Similarly, the court did not abuse its discretion in denying Vogel's motion for a mistrial when the prosecutor accidentally revealed that Vogel had been incarcerated, because the misconduct was not "so pronounced and persistent that it permeate[d] the entire atmosphere of the trial and cast serious doubt upon the correctness of the jury's verdict." *United States v. Wallace*, 32 F.3d 921, 926 (5th Cir. 1994) (citations and internal quotation marks omitted). Finally, Vogel's two constitutional objections to his convictions have no merit, because his right to present witnesses was in no way infringed by the prosecution's filing of a sealed advisory to the district court that several witnesses on Vogel's list were potential co-conspirators who needed to be informed of their Fifth Amendment rights against self incrimination, and because, as we have consistently held, the CSA provision under which Vogel was convicted is not unconstitutionally vague.[1]

---

[1] *See, e.g.*, *United States v. Collier*, 478 F.2d 268, 270-72 (5th Cir. 1973); *see also United States v.*
(continued...)

3

No. 11-40033

Vogel's challenges to the forfeiture and money judgment levied against him and MPC are unpersuasive. Contrary to Vogel's contentions, a rational jury could have concluded there was a preponderance of evidence that all prescriptions issued by MPC were invalid, so all of its $26.3 million in revenue was subject to forfeiture. And Vogel's argument that this forfeiture is grossly disproportionate to his offense and violates the Excessive Fines Clause of the Eighth Amendment is foreclosed by our precedent that the Clause does not apply to drug-proceed forfeitures. *United States v. Betancourt*, 422 F.3d 240, 249-50 (5th Cir. 2005).

Finally, the sentence is procedurally sound and substantively reasonable. The district court did not err by considering the vast quantity of drugs peddled by Vogel in deciding to depart upwardly from the guidelines for Vogel's money-laundering offense. *See* U.S.S.G. § 2S1.1(a)(1). Nor was the upward departure substantively unreasonable, given the size and extent of Vogel's operation. The court properly applied a four-point enhancement for Vogel's leadership role in an "otherwise extensive" conspiracy, even if his employees were unwitting co-conspirators. *Id.* § 3B1.1 & cmt. 3; *see United States v. Fullwood*, 342 F.3d 409, 414-15 (5th Cir. 2003).

AFFIRMED.

---

[1] (...continued)
*Fuchs*, 467 F.3d 889, 896-97 (5th Cir. 2006); *United States v. Henry*, 727 F.2d 1373, 1378-79 (5th Cir. 1984).

4